IT IS ORDERED

Date Entered on Docket: October 23, 2018

_____
The Honorable David T. Thuma
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE:

MARK ARAGON,

    Debtor.                                   Case No.: 18-12219

**STIPULATED ORDER GRANTING BOKF, N.A. RELIEF FROM STAY AND APPROVING THE TRUSTEE'S ABANDONMENT OF PROPERTY**

This matter came before the Court on the Motion for Relief from Stay filed on October 4, 2018, Docket No. 11 (the "Motion") by BOKF, N.A. ("BOKF" or "Movant") and on the stipulation to the terms of this Order reached between BOKF, the Debtor, and the Trustee, as evidenced by the signature of their counsel below. The Court, having reviewed the record and the Motion and the terms of this Stipulated Order, and being otherwise sufficiently informed, FINDS:

    (a)    On October 4, 2018, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as

1

authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

LOT 2 IN BLOCK 4 OF DAY SUBDIVISION, IN THE CITY OF ROSWELL, COUNTY OF CHAVES, AND STATE OF NEW MEXICO, AS SHOWN ON THE OFFICIAL PLAT FILED IN THE CHAVES COUNTY CLERK'S OFFICE ON FEBRUARY 5, 1958 AND RECORDED IN BOOK C OF PLAT RECORDS, AT PAGE 69,

having a common street address of 702 S. Aspen Avenue, Roswell, New Mexico 88201, and which property includes any improvements, fixtures, and attachments (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) BOKF is a creditor of Debtor Mark Aragon, being the holder of that certain Promissory Note dated August 27, 2004, in the original principal sum of $42,827.00 made by Debtor Mark Aragon (the "Note").

(d) The Note is secured by a Mortgage dated August 27, 2004, and recorded in the office of the county clerk for Chaves County, New Mexico, on August 27, 2004, in Book 501, at Page 1046, as Document No. 252039, which Mortgage is a first lien of mortgage on the Property.

(e) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f).

(f) The Notice was sufficient in form and content.

(g) The objection deadline expires on October 28, 2018.

(h) The 341 examination of the Debtor occurred on October 16, 2018, and, subsequent thereto, the Trustee filed a Chapter 7 Trustee's Report of No Distribution in this case on October 16, 2018, reference Docket No. 15.

(i) The Trustee and Debtor's counsel have no objection to a Stipulated Order Granting BOKF relief on the Motion, and has approved this Order as to form and content.

(j) The Motion is well taken and should be granted as provided herein.

(k) Counsel for BOKF, by signing and submitting this Order to the Court, certifies, under penalty of perjury, that staff of Leverick and Musselman, LLC searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. BOKF, N.A., the Movant, is the holder of the Note and assignee of the Mortgage;

2. The Note and Mortgage are in default, and the Motion is well taken;

3. Pursuant to 11 U.S.C. §362(d), Movant BOKF and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor Mark Aragon is party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of Debtor Mark Aragon, although the said Debtor can be

3

named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. By the terms of this Stipulated Order, the Trustee abandons any interest he may have in the Property but does not abandon excess proceeds that may be property of the estate and agrees that BOKF may proceed with its foreclosure case in State Court without the need to join the Trustee in said case; provided, it is ordered that Movant's counsel will notify the Trustee if Movant's pending foreclosure case results in excess sale proceeds, and with such notice provide the Trustee with a copy of the Special Master's Report filed in the pending state foreclosure action, and the Trustee shall have the right, but not an obligation, to file a petition in the state court proceeding, within fifteen (15) business days following the date that Movant's counsel gives written notice to the Trustee that the foreclosure sale has resulted in excess funds being deposited with the Court per the terms of the Special Master's Report, for all or that portion of the excess sale proceeds the Trustee contends are part of the Estate in this case.

5. This Stipulated Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Movant may filed an amended proof of claim in this bankruptcy case within 30 days after the State Court's approval of a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Property.

6. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

 /s/Richard Leverick
_____

Richard M. Leverick
Attorney for Creditor BOKF, N.A.
5120 San Francisco Rd. NE
Albuquerque, New Mexico 87109
(505) 858-3303

Approved by:


Approved via email on  10/17/ 201818 /s/ R. Trey Arvizu, III, Debtor's Counsel


Approved via email on 10/17/2018 /s/ Clarke C. Coll, Chapter 7 Trustee